# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

ELCID HARRIS, ADC #090600                                                                    PETITIONER

v.                                     5:12-cv-00343-JLH-JJV

RAY HOBBS, Director,
Arkansas Department of Corrections                                                          RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial

evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

### I. BACKGROUND

Mr. Harris is serving a 230-year sentence in the Arkansas Department of Corrections for conviction of seven counts of rape and one count of kidnaping. (Doc. No. 5-1.) He appealed his conviction to the Arkansas Supreme Court, and it was affirmed. *Harris v. State*, 299 Ark. 433, 774 S.W.2d 121 (1989). Respondent reports, "Harris filed an untimely petition for post-conviction relief pursuant to Ark. R. Crim. P. 37 in 1994, and, over a decade later, unsuccessfully filed a motion to correct an illegal sentence in Ashley County." (Doc. No. 5, p. 1.)

Mr. Harris now brings this Petition for Writ of Habeas Corpus. (Doc. No. 2.) Liberally construed, the Petition asserts that the trial court erred by: (1) denying him a full psychiatric evaluation; (2) refusing to allow him to proffer the evidence concerning the need for an additional psychiatric evaluation; (3) allowing the State to proceed on a felony information that did not conform to the law; and (4) permitting the jury to find him guilty of kidnaping without sufficient evidence. (Doc. No. 2 at 2.)

### II. ANALYSIS

Respondent first moves for dismissal because Mr. Harris has not properly raised his claims in the Petition. (Doc. No. 5.) As the Respondent correctly asserts, the Petition incorporates Mr.

Harris's arguments from his motion to correct an illegal sentence and his appellate brief, and the Petition does not assert any specific constitutional violations. Still, given the entirety of the Petition, the Court finds dismissal on this basis should be denied.

Respondent next argues that Mr. Harris's Petition is barred by the statute of limitations. The Court agrees. Title 28 U.S.C. §§ 2241 (d)(1) and (d)(2) impose a one-year statue of limitation period for filing petitions for writ of habeas corpus:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(d)(2).

Mr. Harris filed this Petition over fifteen years late[1]. And while he has shown he filed a Rule

---

[1] Generally, the relevant triggering date is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). However, this case predates the one year limitations period enacted by Congress in the Antiterrorism and Effective Death Penalty Act of 1996. Therefore, the triggering date is one year after enactment of the law - April 24, 1997.

37 petition and motion to correct an illegal sentence, these too were filed out of time and do not provide any basis to toll the one year limitations period. Thus, the Petition is time barred and should be dismissed on this basis alone.

Respondent additionally argues that the Petition is procedurally defaulted. The Court also agrees with Respondent on this point.

Before seeking federal habeas review, a state prisoner must first fairly present the substance of each claim to each appropriate state court. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *See* 28 U.S.C. §2254(b) (stating a state prisoner must exhaust available state court remedies before raising a claim in a federal habeas corpus proceeding). This exhaustion requirement is in place to afford the state courts the opportunity to correct any constitutional errors before the federal courts intervene. *Lenza v. Wyrick*, 665 F.2d 804, 807-8 (8th Cir. 1981); *Picard v. Connor*, 404 U.S. 270, 275 (1971) ("We have consistently adhered to this federal policy for it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation") (citations omitted). In this case, Mr. Harris failed to properly raise these claims in state court. His claims are therefore procedurally defaulted.

Where procedural default has occurred, federal habeas review is permitted only if the petitioner can demonstrate (1) cause for the default and actual prejudice as a result of the alleged violation of federal law, (2) or that failure to consider the claims will result in a fundamental miscarriage of justice, that is, that a constitutional violation has resulted in the conviction and continued incarceration of one who is actually innocent. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). If the petitioner cannot show cause, the prejudice element need not be addressed. *McClesky v. Zant*, 499 U.S. 467, 502 (1991). Petitioner fails to show cause for his default so the inquiry ends here and his Petition should be dismissed as procedurally barred.

### III.     CONCLUSION

After careful review of the Petition and the Motion to Dismiss, the Court finds that the Petition was filed after the applicable statute of limitations had expired and it is procedurally barred. Furthermore, pursuant to 28 U.S.C. § 2253 and Rule 11 of the Rules Governing Section 2554 Cases in the United States District Court, the Court must determine whether to issue a certificate of appealability in the final order.  In § 2254 cases, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). The Court finds no issue on which Mr. Harris has made a substantial showing of a denial of a constitutional right. Thus, the Court recommends that a certificate of appealability should be denied.

IT IS, THEREFORE, RECOMMENDED that:

1.     Respondent's Motion to Dismiss (Doc. No. 5) should be GRANTED and Mr. Harris's § 2254 Petition for Writ of Habeas Corpus (Doc. No. 2) should be DISMISSED with prejudice, and the requested relief be DENIED;

2.     A certificate of appealability should be denied.

DATED this 6th day of November, 2012.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

5